# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2026

Lyle W. Cayce
Clerk

No. 25-40821
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Rodriguez-Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:25-CR-1066-1

_____

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Fernando Rodriguez-Hernandez appeals the sentence imposed following his guilty plea conviction for illegal reentry, arguing for the first time on appeal that certain discretionary conditions of supervised release were not adequately pronounced at sentencing. However, he fails to show that the district court erred, plainly or otherwise, by not expressly adopting the Presentence Report recommending that such conditions be imposed or

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40821

specifically confirming that he had reviewed it with counsel before sentencing. *See United States v. Vacchino*, 174 F.4th 932, 937 (5th Cir. 2026); *United States v. Villafana-Mondragon*, 170 F.4th 360, 363–65 (5th Cir. 2026); *United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023).

At sentencing, the district court adopted the facts and calculations in the PSR and specifically advised Rodriguez-Hernandez that he was required "to comply with all conditions of supervised release." These statements gave sufficient advance notice to constitute a shorthand reference to the standard conditions in the Appendix and standing order. *See Baez-Adriano*, 74 F.4th at 297–98. Although the district court did not confirm that Rodriguez-Hernandez had read and reviewed the PSR and Appendix with counsel, as required by Rule 32 of the Federal Rules of Criminal Procedure, Rodriguez-Hernandez forfeited this argument by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). And even if Rodriguez-Hernandez did not forfeit this argument, he had the opportunity to review the PSR with counsel, and the court did not have the duty specifically to ask if Rodriguez-Hernandez took this opportunity. *Villafana-Mondragon*, 170 F.4th at 364–65.

AFFIRMED.